# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Use of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>A CELL-SITE SIMULATOR TO LOCATE<br>(937)308-8774 | )<br>)<br>) Case No. 3:21-MJ-304<br>)<br>)<br>) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ___Southern___ District of ___Ohio___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC s. 1073 | interstate flight to avoid prosecution |

The application is based on these facts:
See Attached affidavit of Fred Zollers

☑ Continued on the attached sheet.
☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I, Brent Tabacchi, certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the DEA. See 18 U.S.C. §§ 3122(b), 3123(b).

*Fred Zollers*
Applicant's signature

Fred Zollers, TFO of the FBI
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by reliable electronic means ___namely, telephone___

Date: August 10, 2021

Peter B. Silvain, Jr.
United States Magistrate Judge

City and state: Dayton, Ohio

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Frederick Zollers, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device:

    a.  assigned call number (937)308-8774 (Target Telephone), which is a cellular device serviced by AT&T, subscribed to in the name of "DON'T TOUCH THIS NUMBER", and believed to be used by Jamarcus Brown. The Target Telephone is described more fully in Attachment A.

2.  I am a sworn law enforcement officer in the State of Ohio for fifteen (15) years. I am presently a sworn member of the Montgomery County Sheriff's Office. I am currently assigned to the Federal Bureau of Investigation's (FBI) Southern Ohio Safe Streets Task Force (SOSSTF) as a Task Force Officer (TFO), I have received training in drug trafficking investigations and have participated in numerous narcotics-related investigations. I have also conducted numerous investigations related to the use and possession of firearms. Based on my training and experience, I am aware that it is a federal crime to move or travel in interstate commerce to avoid prosecution.

3.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended

to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 1073 (flight to avoid prosecution) have been committed, are being committed, and will be committed by Jamarcus Brown ("Brown"), the user of the Target Telephone.  There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations and will lead to the location of a federal fugitive.

## PROBABLE CAUSE

5.      In or around August 2020, the state of Ohio indicted Brown for trafficking fentanyl (greater than 10 grams, less than 50 grams) in Montgomery County, Ohio, Court of Common Pleas, Case No. 2020CR01251.  Brown was ultimately arrested on that case and placed on conditions of bond in the state system.  While Brown was on release, the state of Ohio indicted him in three additional cases in the Montgomery County, Ohio, Court of Common Pleas – namely, Case Nos. 2020CR2554 (possession of heroin greater than 10 grams, less than 50 grams); 2020CR3101 (possession of heroin greater than 100 grams/major drug offender); and 2021CR00827 (possession of greater than 100 grams of fentanyl related compounds).  Notably, the indictment in Case No. 2021CR00827 occurred on or about April 30, 2021.  Each of these matters – all of which involve offenses punishable by a term of imprisonment exceeding one year (i.e., a felonies) – remains pending for trial in the state of Ohio.

6. On or about May 3, 2021, Brown, who had been placed on electric monitoring in Montgomery County, Ohio as a condition of bond in these state cases, cut his ankle monitor and fled from these prosecutions. The state of Ohio has issued warrants for his arrest in those cases.

7. Shortly after Brown's flight, law enforcement received information from a reliable, credible source of information (SOI #1) during mid-May 2021. The SOI #1 has provided information to law enforcement for over three years, which has led to the seizure of contraband and arrests of defendants. In this case, the SOI #1 advised that the SOI #1 had reviewed social media posts in which Brown indicated that, around mid-May 2021, Brown was in California. The SOI #1 has subsequently provided additional information to law enforcement indicating that Brown now continues to move among the states of California, Florida, Georgia and Ohio to avoid his outstanding state warrants.

8. Law enforcement also received information from a second, reliable credible source of information (SOI #2). (Specifically, as detailed below, law enforcement has been able to corroborate information received from SOI #2). In or around early July 2021, SOI #2 advised law enforcement that Brown had relocated temporarily to North Carolina. That same month, SOI #2 reported that Brown had returned to southern Ohio and provided a specific make, model and color of car that he (Brown) was currently driving in the Dayton metro area. After receiving this information, law enforcement located this vehicle on or about July 19, 2021. When police attempted to traffic stop the vehicle, it led them on an hour-long pursuit that resulted in the driver (believed to be Brown) bailing from the car and being picked up by a second vehicle. Before law enforcement successfully stopped this second vehicle near the Dayton, Ohio area, it already had dropped Brown in the Cincinnati-metro area.

9.  On or about July 27, 2021, SOI #1 advised law enforcement that Brown had posted on a social media account a photograph of a large amount of U.S. currency. The photograph that Brown posted appeared to have been taken inside of a residence located at 1110 Sunset Drive, Englewood, Ohio. That same day, law enforcement established surveillance at this location and watched as a Charger arrived and then departed from the residence. After observing the Charger commit traffic violations, marked units stopped it. During the ensuing encounter, a trained narcotics dog alerted on the Charger and led to the discovery of drugs, bulk cash, and a firearm. Brown's brother also was in the car and arrested by police. Following the stop, officers obtained and executed a state search warrant for the Sunset residence. While executing the warrant, law enforcement discovered paperwork from the Ohio Department of Jobs and Family Services addressed to Brown. The paperwork had a number for Brown typed on it – namely, (937) 308-8774 (i.e., the Target Telephone).

10. On or about July 28, 2021, law enforcement reviewed jail calls that Brown's brother placed following his arrest on July 27, 2021. During one of these calls, Brown's brother contacted the Target Telephone number. During the call, Brown's brother spoke with two individuals – an unknown male and a second man who identified himself as "Mar." Investigators recognized the voice of "Mar" as belonging to Lamar Swain, a known and common companion of Brown. Based on my training and experience, I know that, when individuals place jail calls, they know that these communications are recorded and monitored. Given that Brown is a fugitive and is aware that law enforcement is attempting to locate him (as detailed above), I believe that he would be hesitant to speak with his brother on a jail call and instead had his companion, Swain, talk to his brother.

11. During late July 2021, law enforcement queried the Accurint database concerning (937)308-8774 (i.e., Target Telephone) and that number returned to Brown.

12. On or about July 30, 2021, law enforcement obtained a state search warrant to collect ping (*i.e.*, location data) for the Target Telephone. Location information from this warrant provides generalized location information for the Target Telephone – for instance, a radius of 300 to 800 meters in which the Target Telephone was located. The movements of the Target Telephone are consistent with the activities of a fugitive. The Target Telephone frequently has been located near Miller Lane in Dayton, Ohio, which has multiple motels and hotels. Additionally, based on prior investigations, Brown frequented hotels and motels on Miller Lane as part of his drug trafficking activity. Notably, location information also on one occasion placed the Target Telephone in northern Kentucky during in or around late July or early August 2021.

13. On or about August 9, 2021, law enforcement received information from the state of Ohio concerning an application for SNAP benefits that Brown had submitted during in or around 2021. As part of his application, which was denied in June 2021, Brown provided the Target Telephone as his contact number.

14. Law enforcement has obtained toll records for the Target Telephone, and it remains active. Additionally, analysis of those records (which span from January 2021 through early August 2021) has further linked the Target Telephone to Brown. For instance, throughout that time, the Target Telephone has several calls with (937)831-0773. Law enforcement knows that (937)831-0773 is the phone number for Morgan Curry, Brown's girlfriend. Additionally, during this time, the Target Telephone had contacts with (937)250-2393. Law enforcement has

made controlled buys from 937-250-2393 during 2021, and the individuals who sold these drugs from that number are known associates of Brown.

15. Based on the foregoing, I believe that Brown has moved or traveled interstate to avoid prosecution. I further believe that he is using the Target Telephone to communicate with other individuals and to aid his efforts to avoid outstanding warrants for his arrest. The precise location information sought by this warrant will assist law enforcement identify the user of the Target Telephone and, if Brown, arrest him on these warrants.

## MANNER OF EXECUTION

16. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

17. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Telephone or receiving signals from nearby cellular devices, including the Target Telephone. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Telephone and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Telephone and use that information to determine the Target Telephone's location, even if it is located inside a house, apartment, or other building.

18. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Telephone, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Telephone, and law enforcement will limit collection of information from devices other than the Target Telephone. To the extent that any information from a cellular device other than the Target Telephone is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Telephone from all other cellular devices.

## **AUTHORIZATION REQUEST**

19. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

20. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Telephone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns

of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

21. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Telephone outside of daytime hours.

22. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

23. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

*Fred Zollers*

Fred Zollers
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to before me
On: August 10, 2021

Peter B. Silvain, Jr.
United States Magistrate Judge

## **ATTACHMENT A**

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location and owner of the cellular device assigned call number (937)-308-8774 (Target Telephone), which is a cellular device serviced by AT&T, subscribed to in the name of "DON'T TOUCH THIS NUMBER", and believed to be used by Jamarcus Brown.

## ATTACHMENT B

### Particular Things to be Seized

Pursuant to an investigation of Jamarcus Brown s for a violation of Title 18, U.S.C. § 1073, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and
2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night.  This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property.  The Court finds reasonable necessity for the use of the technique authorized above.  *See* 18 U.S.C. § 3103a(b)(2).